UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD L. COBB,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | No.  2:21–cv–1234–JAM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requested leave to proceed in forma pauperis ("IFP").[1]  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  Plaintiff's affidavit makes the required showing, and so plaintiff's request to proceed IFP is granted.

The determination a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Under Section 1915, the court must dismiss the case if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  Further, federal courts have an independent duty to ensure that federal subject matter jurisdiction exists.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986); Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Plaintiff states he was hired by the California Department of Transportation in 1991 as a civil engineer. (ECF No. 1 at 4.) Plaintiff alleges that between 2004-2005, his supervisors instructed him to improperly alter his timesheets, and when plaintiff refused, he was falsely accused of a variety of misconduct and terminated without good cause and without a hearing. (Id. at 4-8.) Plaintiff filed his complaint in July of 2021, asserting one claim under 42 U.S.C. Section 1983 per his Fourteenth Amendment right to procedural due process, as against the State of

1  California and the California Department of Transportation.  (Id.)  Plaintiff seeks an unspecified
2  amount of compensatory, punitive, and special damages, among other relief.  (Id.)
3        Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights,
4  privileges, or immunities secured by the Constitution or laws of the United States" against a
5  person acting "under color of any statute, ordinance, regulation, custom, or usage."  Gomez v.
6  Toledo, 446 U.S. 635, 639 (1980).  "Section 1983 is not itself a source of substantive rights;
7  rather it provides a method for vindicating federal rights elsewhere conferred."  Graham v.
8  Connor, 490 U.S. 386, 393–394 (1989).  Thus, to state a claim for relief under Section 1983, a
9  plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a
10  plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  Nurre
11  v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).
12        Accepting plaintiff's factual allegations in a light most favorable to his claims, he cannot
13  state a cognizable claim under the Fourteenth Amendment at this time.  Key to plaintiff's claims
14  is the fact that the allegations concern his termination in 2005—well beyond the applicable statute
15  of limitations.  In California, the limitations period for personal-injury styled claims is two years.
16  Cal. Civ. Pro. § 335; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (applicable statute
17  of limitations for Section 1983 actions is drawn from forums state's limitations period for
18  personal injury actions; in California, a two year limitations period was made effective as of
19  January 1, 2003).  A further question of law for federal civil rights claims is when the claim
20  accrued.  This happens "[w]hen the plaintiff has a complete and present cause of action, that is,
21  when the plaintiff can file suit and obtain relief."  Wallace v. Kato, 549 U.S. 384, 388 (2007)
22  (noting that while federal courts apply state statutes of limitation, the accrual date of a Section
23  1983 cause of action is a question of federal law).  Thus, even under a "light most favorable"
24  reading of plaintiff's complaint, any procedural due process violation would have accrued in
25  2005—at his termination.  Plaintiff's present complaint, filed July of 2021, came to this court
26  well beyond the two-year statute of limitations.  Cal. Civ. Pro. § 335; see also, e.g., Rogers v. City
27  of Grover Beach, 2020 WL 5868038, at *3 (C.D. Cal. Aug. 21, 2020) (dismissing Section 1983
28  complaint based on Fourteenth Amendment due process right as beyond California's two-year

statute of limitations where the claim "expires two years from the time plaintiff knows or has reason to know of his injury").

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because amendment would be futile here, no leave to amend need be given. <u>Cahill</u>, 80 F.3d at 339.

### **ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED. Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 27, 2021

*[Signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cobb.1234